IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



QUENTIN JONES,

    Petitioner,

v.                                    Civil Action No. 3:09CV748

GENE JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Quentin Jones, a Virginia prisoner proceeding pro se and in forma pauperis, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions in the Circuit Court of Fairfax County, Virginia ("the Circuit Court"). Respondent has filed a motion to dismiss, contending that Jones's claims are barred by the applicable statute of limitations. This matter is ripe for judgment.

### I. PROCEDURAL HISTORY

On September 29, 2004, a jury convicted Jones of one count of aggravated manslaughter, one count felony hit and run, one count of driving under the influence, and one count of eluding. On January 7, 2005, the Circuit Court sentenced Jones to a thirty-six year term of imprisonment. On October 2, 2007, the Supreme Court of Virginia denied Jones's petition for appeal.

On October 2, 2008, Jones filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. On November 5,

2008, the Supreme Court of Virginia denied the petition. On February 5, 2009, Jones's motion for rehearing was denied. Jones filed a petition for a writ of certiorari to the Supreme Court of the United States on April 30, 2009. On October 5, 2009, the Supreme Court denied certiorari.

On October 27, 2009, Jones filed his federal habeas petition, which he subsequently amended.[1] In the amended petition, Jones makes the following claims:

| | |
|---|---|
| Claim One | The Circuit Court violated Jones's Sixth Amendment[2] rights by allowing the prosecutor to impeach Jones's testimony using the statements of an unavailable witness. |
| Claim Two | The Commonwealth failed to prove beyond a reasonable doubt every element of the crime of aggravated manslaughter. |

On February 19, 2010, Respondent filed a motion to dismiss. Respondent argues, inter alia, that Jones's claims are time-barred. Jones asserts in his reply that his claims are timely because the statute of limitations was tolled during the pendency of his petition for a writ of certiorari to the Supreme Court.

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), an inmate's motion is deemed filed on the date it is handed to prison staff for mailing, which is presumably the date on which it is executed.

[2] "In all criminal prosecutions, the accused shall enjoy the right to . . . be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

2

## II. LIMITATIONS PERIOD FOR FEDERAL HABEAS RELIEF

Jones's 28 U.S.C. § 2254 petition is subject to a one-year statute of limitations. Specifically, 28 U.S.C. § 2244(d) provides that:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III. TIMELINESS OF JONES'S PETITION FOR A WRIT OF HABEAS CORPUS

On direct appeal, Jones did not seek review of his conviction by the Supreme Court of the United States. Consequently, Jones's conviction became final for the purposes of 28 U.S.C.

3

§ 2244(d)(1)(A) on December 31, 2007, when the time for filing a petition for a writ of certiorari expired. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). The limitations period ran for 275 days before being tolled pursuant to 28 U.S.C. § 2244(d)(2) by the filing of Jones's state habeas petition on October 2, 2008. The limitations period began to run again on February 6, 2009, the day after the Supreme Court of Virginia denied Jones's motion for reconsideration.

Contrary to Jones's assertion, 28 U.S.C. § 2244(d) does not toll the limitations period during the pendency of a petition for a writ of certiorari challenging a state court's denial of habeas relief. Green v. Johnson, 515 F.3d 290, 305 n.10 (4th Cir.) (quoting Lawrence v. Florida, 549 U.S. 327, 332 (2007)), cert denied, 128 S. Ct. 2999 (2008). Thus, the limitations period expired 90 days later, on Thursday, May 6, 2009. Jones filed his federal habeas petition on August 27, 2009. Jones's petition is therefore untimely unless he is entitled to a period of equitable tolling.

Equitable tolling is only available if the litigant demonstrates the existence of: "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). Additionally, a petitioner seeking

4

equitable tolling bears the burden of establishing that he has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)); Sosa, 364 F.3d at 513.

Jones does not argue, and the record does not suggest, that he is entitled to a period of equitable tolling. Accordingly, Respondent's motion to dismiss (Docket No. 14) will be GRANTED. Jones's claims will be DISMISSED WITH PREJUDICE as untimely. The petition will be DENIED. This action will be DISMISSED.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

Let the Clerk send a copy of this Memorandum Order to Jones and Counsel of Record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: September 14, 2018
Richmond, Virginia